STATE OF NEBRASKA, APPELLEE, v. JAMES LEONARD JOHNSON, ALSO KNOWN AS JAMES L. JOHNSON, ALSO KNOWN AS JIMMIE JOHNSON, APPELLANT.

290 N. W. 2d 205

Filed March 18, 1980. No. 42848.

Appeal from the District court for Douglas County: JOHN E. CLARK, Judge. Affirmed.

Edward D. Hotz of Hotz, Kluver, Kizer & Jahn, for appellant.

Paul L. Douglas, Attorney General, and Sharon M. Lindgren, for appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

McCOWN, J.

The defendant was charged with forgery and being an habitual criminal. He was found guilty by a jury of the crime of forgery, and later found to be an habitual criminal. He was sentenced to imprisonment for not less than 12 years nor more than 15 years.

The evidence for the State established that some time in February 1979, a number of blank checks were stolen from the Morford Co. in Omaha, Nebraska. At about the same time, a wallet belonging to Nikki Morford, and containing her identification cards, was stolen. On February 27, 1979, Jerrine Burge attempted to cash a Morford Co. check payable to Nikki Morford in an Omaha store. The store employee knew the named payee, suspected forgery, and Jerrine Burge was detained and arrested by the police. Jerrine Burge identified the defendant as the one who organized the forgery plan and he was arrested and charged with forgery. Jerrine Burge was processed in juvenile court and later testified at the defendant's trial.

The testimony of Jerrine Burge was that the defendant had developed and carried out a plan to forge and cash checks using false or stolen identification. Defendant delivered a group of forged Morford Co. checks to her on February 27, 1979, together with the identification of Nikki Morford. Jerrine Burge and another woman, identified as Lisa Fant, were driven to various places of business in Omaha that day by Roosevelt Logan. Jerrine Burge entered the places of business, cashed the checks, and gave the money received to Lisa Fant up until the occasion on which she was arrested. When the trip was completed they were to return to the defendant's

apartment and the proceeds were to be divided with him. The several Morford Co. checks that were cashed that day, including the one on which the charge was based, were introduced into evidence. They were all identical except for the check number.

Another witness, Barbara Dunkle, testified that, on January 27, 1979, she had cashed several checks for the defendant under a similar plan and scheme and under his instructions, and that she had also cashed some checks together with Jerrine Burge on February 9, 1979, again under the defendant's instructions and following the same plan of operation. The checks cashed on these two occasions were also introduced and received into evidence as a group.

The defendant testified in his own defense and testified that the guilty person was Roosevelt Logan, and that the defendant had refused to participate in the plan and had had no part in it. The jury found the defendant guilty and this appeal followed.

The defendant contends that the introduction of other checks into evidence was erroneous and prejudicial. The defendant relies upon the general rule that evidence of other crimes is not ordinarily admissible and relies upon section 27-404 (2), R. R. S. 1943: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

The trial court admitted the other checks into evidence for the limited purposes of showing plan, method, modus operandi, scheme, motive, intent, and design. While there were numerous checks, there were only three separate groups of virtually identical checks, cashed in three separate chains of events. All the checks in each group of checks were

identical as to maker, payee, payor, amount, and date. Only the check numbers were different.

Evidence of other crimes may be admitted in a criminal prosecution where the evidence is so related in time, place, and circumstances to the offense or offenses charged as to have substantial probative value in determining the guilt of the accused. Evidence which is not sufficiently related is excluded on the ground that the probative value is outweighed by the risk of undue prejudice. State v. Williams, ante p. 56, 287 N. W. 2d 18 (1979).

Evidence of other crimes similar to that charged is relevant and admissible where an element of the crime charged is motive, criminal intent, or guilty knowledge. State v. Morosin, 200 Neb. 62, 262 N. W. 2d 194 (1978).

In a forgery case involving a patterned plan of operation, evidence of prior similar acts committed within 1 month before the act charged is relevant. The evidence here clearly established intent, preparation, plan, knowledge, and identity. Even the method of carrying out the plan in each of the three instances was virtually identical.

The action of the trial court is admitting the other checks in evidence for the limited purposes for which they were received cannot be said to be an abuse of discretion. The judgment of the trial court was correct and is affirmed.

AFFIRMED.